UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAMERON STRICKLAND** | : | **DOCKET NO. 2:19-cv-0254** |
| **VERSUS** | : | **JUDGE WALTER** |
| **STEPHANIE COCHRAN, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court are Motions to Dismiss [docs. 5, 8, 14] filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by defendants in this matter. The motions relate to the civil rights suit filed pro se by plaintiff Cameron Strickland. Doc. 1. They have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

Strickland brings this suit under 42 U.S.C. § 1983 against Stephanie Cochran, a hearing officer for the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana; the Calcasieu Parish Sheriff's Office ("CPSO"); the Louisiana Department of Children and Family Services ("DCFS"); and Richard Michels, an attorney employed by DCFS. He challenges child support obligations imposed on and enforced against him by the defendants under a judgment issued by the Fourteenth Judicial District Court. *See* doc. 1, att. 1. He seeks compensatory damages and injunctive relief in the form of a request that his record of arrears be stricken. Doc. 1.

The defendants now move for dismissal of the claims against them under three motions. CPSO asserts that Strickland's claims must be dismissed because it is not a juridical entity and because Strickland fails to allege a particular constitutional violation on its part. Doc. 5, att. 1. Cochran asserts that she is entitled to quasi-judicial immunity in any claims against her in a personal capacity, and that the court lacks jurisdiction over any claims against her in an official capacity. Doc. 8, att. 1. Michels and his employer, DCFS, assert that the court lacks jurisdiction over any claims against Michels in his official capacity and that the court should abstain from hearing any other claims under either the *Rooker-Feldman* doctrine or the domestic relations exception. Doc. 14, att. 2. They also assert that Strickland fails to allege a constitutional violation and that his claims have prescribed. *Id.* Strickland did not respond to any of the above motions and his time for doing so has passed.

## II.
## LAW & APPLICATION

Generally, the court should consider any jurisdictional attack before addressing the merits of the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (court should address 12(b)(1) motion before 12(b)(6)). "This requirement prevents a court without jurisdiction from prematurely dismissing a case on the merits." *Id.* Accordingly, the court first addresses jurisdictional grounds for dismissal and then, if necessary, the remaining arguments raised under Rule 12(b)(6) regarding Strickland's failure to state a claim on which relief can be granted.

A. *Motion to Dismiss Standards*

  1. *Rule 12(b)(1)*

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction

may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," with no presumption attaching to the plaintiff's allegations or obligation that disputed facts be construed in his favor. *Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

2. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court may, however, consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x

224, 227 (5th Cir. 2008) unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### B. Application

#### 1. Sovereign Immunity

Michels and Cochran both assert that the court lacks jurisdiction over any claims brought against them in their official capacities, based on the state's sovereign immunity under the Eleventh Amendment. Doc. 8, att. 1; doc. 14, att. 2. The court reviews this argument under Rule 12(b)(1). *E.g.*, *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

The Eleventh Amendment establishes "that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Porth Auth. Trans-Hudson Corp. v. Feeney*, 110 S.Ct. 1868, 1872 (1990) (internal quotations omitted). This immunity is not absolute, however: a state may consent to suit or the immunity may be abrogated in certain cases by Congress. *Id.* Eleventh Amendment immunity is invoked when the state is the "real, substantial party in interest." *Warnock*, 88 F.3d at 343. This occurs where the judgment

sought would be paid by the state or would compel the state or forbid the state to act. *Id.* Federal claims against state officials or employees in their official capacity are therefore equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). While § 1983 provides a right of action against state actors in their individual capacities, it has not been construed as an abrogation of state sovereign immunity. *Quern v. Jordan*, 99 S.Ct. 1139, 1147 (1979).

Because Michels is an employee of a state agency, any claims against him in his official capacity are claims against the state and are thus barred by the Eleventh Amendment. *See, e.g.*, *Schannette v. Doxey*, 2013 WL 4516041, at *4 (W.D. La. Aug. 22, 2013) (DCFS is an arm of the state and any claims against its employees are barred under the Eleventh Amendment). Cochran is an employee of the state district court, which may be considered an arm of the state. She is considered a state employee under state law, and any judgment against her would be paid from state funds. La. Children's Code, Art. 423(B); La. Rev. Stat. § 13:5108.1(E)(1)(c). Eleventh Amendment immunity thus extends to any claim brought against her in an official capacity. *E.g.*, *August v. Brinkhaus*, 2018 WL 2760335, at *2 (W.D. La. May 8, 2018). Strickland's claims against Cochran and Michels are barred under the Eleventh Amendment, and the court need not consider Cochran's assertion of quasi-judicial immunity for any claims brought against her in a personal capacity.[1] This argument inures to the benefit of DCFS, which is also named as a defendant.

An exception to Eleventh Amendment immunity exists, however, under *Ex Parte Young*, 28 S.Ct. 441 (1908). This exception applies where the plaintiff alleges a violation of federal law and the relief sought is "declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Here Strickland makes a claim

---

[1] While Strickland does not clarify in which capacity he intended to sue these defendants, his allegations relate only to their performance of their assigned job functions. The court thus construes these claims as made against the defendants in their official capacities.

for injunctive relief "to stop the unlawful [child support] proceedings," and contends that the defendants have violated unspecified constitutional rights through their alleged misapplication of Title IV-D of the Social Security Act. Doc. 1. He raises various allegations about Title IV-D's voluntary and beneficial status to the state, and asserts that the state's contracts under that title are "a non-positive law . . . only applicable if contracted into by [one's] own volition." *Id.* He fails to show, however, "which provision of the Social Security Act was violated by the [defendant]" or to otherwise show how his constitutional rights were violated by the state's enforcement of child support obligations against him. *Anderson v. Abbott*, 83 F. App'x 594, 595 (5th Cir. 2003) (affirming dismissal of a similar claim). These allegations are insufficient to state a claim upon which relief, whether injunctive or otherwise, may be granted. *Id.* Accordingly, *Young* does not provide an exception to the defendants' immunity. *Stewart v. Nevarez*, 2017 WL 9473085, at *7 (N.D. Tex. Nov. 8, 2017). All claims against Cochran, Michels, and DCFS should therefore be dismissed for lack of jurisdiction. The remaining defendant, CPSO, does not argue any grounds for abstention and so the court also declines to consider those assertions.

### 2. *Failure to state a claim*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person" in order to be sued. This term is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). As CPSO asserts, therefore, it is not a proper defendant to this action. Even if Strickland amended his complaint to substitute a proper party for these claims, he fails generally (as described above) to state a claim

on which relief can be granted. The court thus declines to offer him an opportunity to amend his complaint and correct any deficiency before recommending dismissal.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 5] filed by defendant Calcasieu Parish Sheriff's Office be **GRANTED** and that the Motions to Dismiss [docs. 8, 14] brought by defendants Cochran, Michels, and the Louisiana Department of Children and Family Services be **GRANTED** as to the 12(b)(1) grounds and **DENIED AS MOOT** as to the 12(b)(6) grounds. The claims against Cochran, Michels, and the Louisiana Department of Children and Family Services should thus be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(1) and the claims against the Calcasieu Parish Sheriff's Office **DISMISSED WITH PREJUDICE** under Rule 12(b)(6). Adoption of this report and recommendation will result in dismissal of the action as a whole.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE